United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONNIE KAUFMAN,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, et al.,

Defendants.

Case No. 23-cv-06694-MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is defendants Pacific Maritime Association ("PMA") and International Longshore and Warehouse Union's ("ILWU") Motion, filed March 27, 2024, "to Dismiss Plaintiff's Complaint." Plaintiff Ronnie Kaufman ("Kaufman"), who proceeds pro se, has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court rules as follows.[2]

**BACKGROUND**

In his Complaint, Kaufman alleges that "all longshoremen and marine clerks employed in ports on the West Coast" presently work under a "single coastwide collective bargaining agreement" ("CBA"), titled "Pacific Coast Longshore and Clerk's Agreement" (see Compl. at 5), and that PMA, an "employer," and ILWU, a union, are parties to the CBA (see Compl. at 3, 7). The CBA was signed by PMA and ILWU on June 29, 2023, and is effective from July 1, 2022, through July 1, 2028. (See Defs.' Req. for Judicial

[1] Pursuant to the Civil Local Rules of this District, any opposition was due "not more than 14 days after the motion was filed." See Civil L. R. 7-3(a).

[2] By order filed April 24, 2024, the Court took the matter under submission.

United States District Court
Northern District of California

Notice Ex. 1.)[3]

Kaufman alleges that, on March 3, 2015, more than seven years prior to the effective date of the existing CBA, PMA and ILWU Local 34 had entered into a Letter of Understanding ("LOU"), titled "San Francisco Bay Area (Local 34) Clerks Steady Employment and Equalization," which pertained to the manner in which clerks would be hired "in the San Francisco Bay Area." (See Compl. at 3, Ex. 1.) According to Kaufman, the membership of ILWU Local 43, on October 21, 2021, voted to "terminate" the LOU (see Compl. at 4, Ex. 2), which termination was effective July 1, 2022 (see Compl. Ex. 2), i.e., the date the existing CBA became effective. Kaufman further alleges that on January 19, 2023, the membership of ILWU Local 43 voted to "reject" a "proposal" PMA made to "amend" the LOU. (See Compl. at 4, Ex. 4). According to Kaufman, PMA and ILWU Local 34 nonetheless are "working under" the LOU (see Compl. at 1), which activity, Kaufman asserts, constitutes a breach of the CBA by PMA (see Compl. at 5), on the ground the LOU "is in conflict with the [CBA]" (see Compl. at 8). Additionally, Kaufman alleges, ILWU has "breach[ed] the duty of fair representation" by not requiring PMA to "adhere" to the CBA. (See Compl. at 5.)

Based thereon, Kaufman asserts a claim against both defendants under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and a claim against the Union under Section 501 of the LMRA, 29 U.S.C. § 501.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of

---

[3] The Court grants defendants' request for judicial notice of the CBA. See Densmore v. Mission Linen Supply, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (taking judicial notice of contents of CBA for purposes of evaluating motion to dismiss claims arguably covered by CBA).

United States District Court
Northern District of California

the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

By the instant motion, defendants argue the Complaint is subject to dismissal in its entirety. As set forth below, the Court agrees.

First, the Complaint includes no facts to support a finding that Kaufman has been injured by PMA's alleged breach of the CBA and/or by ILWU's alleged failure to require PMA to adhere to the CBA. For a district court to have subject matter jurisdiction over an action, the plaintiff must have incurred "an injury in fact," see Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), meaning that the defendant's asserted conduct "caused [the plaintiff] to suffer some harm," see Robins v. Spokeo, Inc., 867 F.3d 1108, 1112 (9th Cir. 2017) (internal quotation, alteration, and citation omitted). Here, Kaufman alleges no facts to suggest he has suffered some type of harm by reason of defendant's adherence to the LOU, for example, a diminution in wages. See Spokeo, 578 U.S. at 338 (holding

plaintiff, at pleading stage, "must clearly allege facts demonstrating" existence of injury in fact) (internal quotation, ellipses, and citation omitted). Consequently, the Complaint is subject to dismissal for failure to allege an injury in fact.

Next, the Complaint includes no facts to support a finding that defendants have violated § 301, namely, that PMA has breached the CBA and that ILWU has breached a fiduciary duty owed to Kaufman with respect to enforcement of the CBA. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983) (holding § 301 claim, when asserted against employer and union, is cognizable only where employer has violated CBA and union has breached fiduciary duty owed to union member). Although the Complaint alleges the LOU is "in conflict with the [CBA]" (see Compl. at 8) and that ILWU engaged in "an official act [that] is patently unreasonable and taken in bad faith" (see Compl. at 9), the Complaint includes no factual allegations to support such conclusory assertions. See Iqbal, 556 U.S. at 678 (holding "conclusory statements" fail to state cognizable claim). Consequently, the § 301 claim is subject to dismissal for failure to allege facts to assert a cognizable § 301 claim.[4]

Lastly, a § 501 claim cannot be brought against a union, see 29 U.S.C. § 501(b) (providing § 501 claim may only be brought against an "officer, agent, shop steward, or other representative of [a] labor organization"), and, where circumstances exist to support bringing a § 501 claim, the claim may only be filed "upon leave of court obtained upon verified application and for good cause shown," see id., which leave Kaufman has not sought, let alone obtained. Consequently, the § 501 claim is subject to dismissal for failure to state a cognizable claim and for failure to obtain the requisite leave of court to file it.

---

[4] Although defendants also argue the § 301 claim is barred by the applicable statute of limitations, the Court does not consider such argument at this time, as, in the absence of any factual allegations identifying the nature of the alleged breach, it is premature to determine when such claim accrued. See Jablon v. Dean Witter & Co., 677, 682 (9th Cir. 1980) (holding statute of limitations defense "may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint").

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above:

1. The motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED.

2. Should plaintiff wish to file a First Amended Complaint ("FAC") for purposes of curing any or all of the above-referenced deficiencies, plaintiff shall file such FAC no later than June 7, 2024.

3. In light of the above, the Case Management Conference is hereby CONTNUED from June 14, 2024, to September 13, 2024, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than September 6, 2024.

**IT IS SO ORDERED.**

Dated: May 16, 2024

MAXINE M. CHESNEY
United States District Judge