IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONNIE KAUFMAN,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, et al.,

Defendants.

Case No.  23-cv-06694-MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND**

Before the Court is defendants Pacific Maritime Association ("PMA") and International Longshore and Warehouse Union's ("ILWU") Motion, filed July 5, 2024, "to Dismiss Plaintiff's First Amended Complaint."  Plaintiff Ronnie Kaufman ("Kaufman"), who proceeds pro se, has not filed opposition.[1]  Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 9, 2024, and rules as follows.

In his First Amended Complaint, Kaufman challenges a "Letter of Understanding" ("LOU") between PMA and ILWU Local 34, which LOU pertains to the manner in which "clerks" are hired "in the San Francisco Bay Area."  (See FAC Ex. 1.)  According to Kaufman, the subject LOU was "fraudulent" when it was signed on March 3, 2015, and thus "was never authorized," for the asserted reason that it is not signed by the President and CEO of PMA and by the President of ILWU.[2]  (See FAC  at 6.)  Kaufman also alleges

---

[1]Pursuant to the Civil Local Rules of this District, any opposition was due "not more than 14 days after the motion was filed."  See Civil L. R. 7-3(a).

[2] The LOU is signed by the Northern California Area Manager of PMA and by the President of ILWU Local 34.  (See id.)

United States District Court
Northern District of California

that the membership of ILWU Local 34, on October 21, 2021, voted to terminate the LOU as of July 1, 2022, the date the most recent collective bargaining agreement ("CBA") became effective (see FAC at 4, 7), and that thereafter defendants "conspired and colluded" to keep the LOU in effect (see FAC at 5).  Based on said allegations, Kaufman asserts, as against PMA, a claim for breach of contract, namely, breach of the CBA (see FAC at 8), and, as against ILWU, a claim for breach of the duty of fair representation.

By order filed May 16, 2024, the Court dismissed Kaufman's claims, as alleged in the initial Complaint, for the reason that Kaufman failed to allege facts to support a finding (1) that he has standing to challenge the LOU, (2) that PMA's conduct constituted a breach of any provision in the CBA, and (3) that ILWU engaged in a breach of its duty of fair representation.  Defendants, by the instant motion, argue the FAC likewise is subject to dismissal.

At the outset, the Court addresses Kaufman's standing.  A plaintiff, to have standing to bring a claim, must allege facts demonstrating the existence of an "injury in fact" that is "traceable to the challenged conduct of the defendant."  See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (internal quotation, ellipses, and citation omitted).  The initial complaint included no facts as to how the LOU affects Kaufman.  In the FAC, Kaufman now alleges that the LOU "has been detrimental and harmful in effect to [him] re – promotion's [sic] pay and wages, [and] seniority rights," and that, in particular, "steady clerks working under the LOU" make "over 150,000 thousand dollars more a year" than "hall dispatch clerks" earn.  (See FAC at 21.)  Liberally construed, the FAC appears to allege hall dispatch clerks, such as Kaufman, earn significantly less income each year as a result of additional work opportunities being made available to steady clerks under the LOU, which allegations the Court finds sufficient to allege standing.  See Erickson v .Pardus, 551 U.S. 89, 94 (2007) (holding "pro se" complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers").

Nevertheless, Kaufman's claims again fail.  First, although Kaufman alleges PMA breached a provision in the CBA, on the ground the LOU is "lacking the signat[ure]" of

United States District Court
Northern District of California

PMA's President and CEO (see FAC at 5), Kaufman fails to identify any such contractual provision, and, indeed, the CBA in effect at the time the LOU was signed  contains no such provision (see Defs.' Req. for Judicial Notice Ex. 3), nor does the CBA in effect at the time the instant action was filed contain such a provision (see id. Ex. 1).[3]  Similarly, Kaufman's claim against ILWU is deficient, as said claim is based on the theory that ILWU was "fully aware" the LOU was not signed by the President of ILWU (see FAC at 5), and there is no provision in either the prior CBA or the present CBA requiring such signature.

Accordingly, defendants' motion to dismiss is hereby GRANTED, and the FAC is hereby DISMISSED without further leave to amend.  The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: July 30, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] Defendants' request for judicial notice of the CBAs is hereby GRANTED.  See Densmore v. Mission Linen Supply, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (taking judicial notice of contents of CBA for purposes of evaluating motion to dismiss claims arguably covered by CBA).